## J. W. Webb *v.* The State.

1. EMBEZZLEMENT. — To warrant the conviction of an agent for the embezzlement of his principal's money, four facts must be established beyond a reasonable doubt, to wit: *first*, the agency whereby the defendant was charged with the duty of receiving the money; *second*, his receipt of his principal's money; *third*, that he received it in the course of his employment; and *fourth*, that he embezzled, misapplied, or converted it to his own use.

2. SAME. — Statutes of embezzlement do not reach all breaches of duty by agents or the like toward their principals, nor arm the latter with a criminal remedy for the enforcement of their contracts with the former.

3. CASE STATED. — In a trial for embezzlement of money, the evidence showed that the defendant was furnished with sewing-machines for sale on terms requiring him to account for them to his principal in money, or in purchase-money notes payable to his principal; but, by contract outside of the terms of his agency, the defendant was authorized by his principal to sell machines for live-stock, on condition that he would convert the stock into money and account to his principal in money. He traded machines for horses, and, when required to account, tendered the horses to his principal, who refused to receive them, whereupon he sold the horses for money and retained the money, disregarding his principal's demand for it. *Held*, that the authority conferred on the defendant to trade the machines for horses and convert the horses into money so changed the character of the contract that neither the horses nor their proceeds were the property of the principal, and the law of embezzlement could not apply.

APPEAL from the District Court of Johnson.    Tried below before the Hon. J. ABBOTT.

The opinion states concisely but completely the character of the indictment and the controlling facts in this case.    A

term of two years in the penitentiary was the punishment assessed and adjudged against the appellant.

*M. A. Oatis, C. Y. Kouns, O. T. Plummer*, and *W. F. George*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.   In order to sustain a prosecution for embezzlement against an agent of a private person or corporation, four distinct propositions of fact must be established in evidence, beyond a reasonable doubt.   These are as follows:  1. That the defendant was the agent of the person or corporation as alleged, and by the terms of his employment was charged with the duty of receiving the money of his principal.   2. That he did so receive money belonging to his principal.   3. That he received it in the course of his employment.   4. That he embezzled, misapplied, or converted it to his own use.   *Leonard* v. *The State*, 7 Texas Ct. App. 417 ; *Ex Parte Hedley*, 31 Cal. 108.   Evidently, the money received and embezzled must belong to the principal or employer, and the identical money received must be that embezzled ; for if, by transmutation or changes, it loses its essential characteristic as property of the principal, and becomes at any time the property of the agent, it ceases to become the subject of embezzlement.

Statutes of embezzlement were not intended to provide against every breach of duty or pecuniary obligation on the part of agents and the like toward principals or employers ; nor does the law regard the latter class with such peculiar favor as to provide a criminal remedy for the enforcement of their contracts and the collection of their debts.   These statutes necessarily require a careful discrimination in their application to the various cases that may arise, and it is sometimes difficult to mark out with entire precision the line of demarcation between acts punishable as crimes,

under these statutes, and those that may not be embraced by
them, while they may yet present strong cases of breach of
good faith and violation of the confidence reposed in the
party guilty of the breach of trust.    The true test may be
found in an application of the four propositions first above
stated, to the facts of the particular case, and if either of the
ingredients mentioned be found wanting, it may be safely
assumed that the statutes do not apply.    2 Bishop's Cr.
Law, sects. 355, 356; 3 Archb. Cr. Pr. & Pl. 449 *et seq.*; 2
Russ. on Cr. 181, 182; *The Commonwealth* v. *Stearns*, 2.
Metc. 343; *The Commonwealth* v. *Libbey*, 11 Metc. 64.

The indictment in this case charges the appellant with
embezzlement of $87, the property of the Singer Manufac-
turing Company, appellant being the agent of that corpora-
tion, authorized to receive and in fact receiving said money
by virtue of his agency.    It was developed in the evidence.
upon the trial, that, among other transactions between the
parties, the appellant, as agent, received five sewing-ma-
chines from the principal, and was authorized, outside of
the contract, to trade them for stock, if he saw fit.    This he
did, and subsequently tendered the stock to his principal,.
which was declined.    The manager of the corporation testi-
fies as follows: "I told Mr. Webb he had my permission to
trade machines for stock, but that he must account to the
company in money.    *  *  *    By the contract with de-
fendant, the company was not to take any horses for ma-
chines, and he was to sell the property received for machines,
and pay over the money."

The legal effect of this authorization, in opposition to the
terms of the original contract, was an essential depar-
ture from the original employment, and an essential change
in the *status* of the agency, as affected by the statute of em-
bezzlement.    By the terms of the contract, the appellant
was to receive in payment for machines only money and
notes, and these proceeds of sales he was obligated to turn
over to the company.    Without a variation in the contract,.

an embezzlement of either class of proceeds would have properly subjected him to prosecution ; for, beyond question, the money or notes would be the property of the company, and received by him by virtue of his agency. But with a change of the contract there resulted a change in the character of the proceeds received from a sale of the machines. When defendant exchanged them for horses, by authority, and the company refused to receive the horses, to whom did they belong? Not to the company, for it disowned them. The act of sale did not constitute an embezzlement, for that was authorized, and he is not charged with that species of embezzlement. The horses being the property of appellant, the proceeds of their sale were likewise his property, and not specifically the property of the company ; and by the action of the latter, it had remitted itself to the character of an ordinary creditor, and held a personal demand against the appellant for the value of their machines, less his commissions, and could not have enforced a suit at law for the specific money received by him upon a sale of the horses. Other features of the evidence tend to sustain this view, and show a disagreement between the parties as to the terms of a proper settlement of the transactions between them, a failure to effect which resulted in this prosecution.

The views we have expressed obviously conflict with those under which the case was submitted to the jury, and a new trial must therefore be awarded. The judgment is reversed and the cause remanded.

*Reversed and remanded.*